IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Genesis Health Care, Inc., | C/A No. 3:16-cv-03376-CMC |
| Plaintiff, | |
| v. | Opinion and Order |
| | on Motions to Dismiss |
| Christian Soura, Director of the South Carolina Department of Health and Human Services, | and Amend (ECF Nos. 9, 24) |
| Defendant. | |

Through this action, Plaintiff Genesis Health Care, Inc. ("Genesis") seeks declaratory and injunctive relief against Defendant, Christian Soura ("Soura"), who serves as Director of the South Carolina Department of Health and Human Services ("DHHS"). Complaint ¶ 1 (ECF No. 1). Specifically, Genesis seeks "an order requiring [Soura] to reimburse [Genesis] for required Medicaid [Federally Qualified Health Center ("FQHC")] services to Medicaid patients in a manner consistent with federal law." *Id.*

The matter is before the court on two motions: Soura's motion to dismiss for lack of venue or, alternatively, for failure to state a claim on which relief can be granted, ECF No. 9 (seeking dismissal without prejudice under Fed. R. Civ. P. 12(b)(3) & (6)), and Genesis's motion to amend the Complaint, ECF No. 24 (seeking to delete express reliance on contractual venue provisions). Both aspects of the motion to dismiss depend on provisions found in the contract(s) under which Genesis provides services to Medicaid patients, specifically, Articles IX ("Appeals Procedures") and Article X ("Venue of Actions"). For reasons addressed below, the court denies the motion to amend the complaint as futile, grants Soura's motion dismiss for lack of venue, and dismisses the

action without prejudice. The court does not reach Soura's alternative argument for dismissal for failure to state a claim (failure to exhaust administrative remedies).

## COMPLAINT

Genesis asserts six causes of action against Soura. All six rest on allegations DHHS's payment practices, for which Soura is responsible, violate various subparts of 42 U.S.C. § 1396a(bb). One cause of action *also* alleges violation of various interrelated statutes, 42 U.S.C. §§ 256b, 1396, 1396a, 1396r-8(j), and DHHS's plan for providing Medicaid Services in South Carolina ("State Plan"). This cause of action challenges DHHS's method of paying specialty drug claims, which Genesis alleges results in denial of benefits Genesis is entitled to receive under the 340B Drug Discount Program, codified as 42 U.S.C. § 256b.[1]

All causes of action are pursued under 42 U.S.C. § 1983. Genesis also seeks attorneys' fees under 42 U.S.C. § 1988. No cause of action is expressly founded on a contract theory, though several causes of action refer directly or implicitly to the existence of a contract between the parties. *See* Complaint ¶ 3.c. (referring to "contracts between the parties"); *id.* ¶ 16 (alleging DHHS "refus[ed] to offer Genesis a provider contract containing" required terms); *id.* ¶ 19 (alleging DHHS is using reimbursement methods "Genesis has never agreed to").

---

[1] This claim relies on the interplay of the various listed statutes and the State Plan. *See* Complaint ¶ 25 (describing 340B Drug Discount Program, codified as 42 U.S.C. § 256b); *id.* ¶ 26 (alleging "42 U.S.C. § 1396r-8 requires that drug manufacturers enter into a National Medicaid Rebate Agreement"); *id.* ¶ 28 (alleging "42 U.S.C. § 1396a(a)(54) requires that a State Plan covering outpatient drugs must comply with the requirements of 42 U.S.C. § 1396r-8"); *id.* ¶ 29 (alleging 42 U.S.C. § 1396r-8(j) exempts certain drugs from National Medicaid Rebate Agreement if dispensed by an MCO and subject to 340B discounts); *id.* ¶ 30 (alleging Genesis is an MCO entitled to 340B discounts); *id.* ¶¶ 31-34 (alleging DHHS's exclusion of certain drugs from its agreement with Genesis violates State Plan and listed statutes because it prevents Genesis "from obtaining the 340B pricing for the specialty drugs" it dispenses).

**PROPOSED AMENDED COMPLAINT**

Genesis's Proposed Amended Complaint is identical to the original Complaint with one exception: it deletes a subparagraph referring to the venue provision in the "contracts between the parties." No other allegations and no legal theories are modified.

**ARGUMENTS**

**Soura Arguments for Dismissal.** Soura argues that two provisions found in identical contracts between the parties, the 2010 and 2013 Provider Agreements (collectively "Provider Agreements"), require dismissal for lack of venue or, alternatively, for failure to exhaust administrative remedies. The relevant provisions of the Provider Agreements read as follows:

**ARTICLE IX**
**APPEALS PROCEDURES**

> If any dispute shall arise under the terms of this contract, *the sole and exclusive remedy* shall be the filing of a Notice of Appeal within thirty (30) days of receipt of written notice of SCDHHS' action or decision which forms the basis of the appeal. Administrative appeals shall be in accordance with SCDHHS' regulations 27 S.C. Code Ann. Regs. §126-150 et seq. (1976, as amended), and in accordance with the Administrative Procedures Act, S.C. Code Ann. §1-23-310 et seq., (1976, as amended). Judicial review of any final SCDHHS administrative decisions shall be in accordance with S.C. Code Ann. §1-23-380 (1976, as amended).

Provider Agreements, Article IX (emphasis added).

**ARTICLE X**
**COVENANTS AND CONDITIONS**

\* \* \*

> R.  <u>Venue of Actions</u>
>
> Any and all suits or actions for the enforcement of the obligations of this contract and for any and every breach thereof, or for the review of a SCDHHS final agency decision with respect to this contract or audit disallowances and any judicial review sought thereon and brought pursuant to the S.C. Code Ann. §1-23-380 (1976, as amended) shall be instituted and maintained in any court of competent jurisdiction in the County of Richland, State of South Carolina.

3

Provider Agreements, Article X § R.

Soura argues Genesis waived its right to proceed in federal court by entering Provider Agreements containing these provisions. It relies primarily on *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204 (4th Cir. 2007), in support of this argument. ECF No. 9-1 at 3-5.

**Genesis Opposition to Dismissal.** Genesis responds that Article IX is limited to Appeals Procedures and Article X, § R is limited to contractual disputes and administrative appeals. Thus, neither controls in this action because Genesis asserts only federal statutory (not contractual) claims. Genesis further argues Section R does not limit venue to state courts, but would allow venue in the Columbia Division of the United States District Court, because the Columbia Division includes and its courthouse is located in Richland County, South Carolina.

Genesis argues *Pee Dee Health Care* is distinguishable because the contract in that action also included a "Place of Suit" provision (not found in the Contracts at issue in this action) that read as follows: "Any action at law, suit in equity, or judicial proceeding for enforcement of this contract or any provision thereof shall be instituted only in the *courts of the State* of South Carolina. ECF No. 19 at 4 (quoting 2004 contract, emphasis added). Genesis concedes the Fourth Circuit rejected its interpretation of Section R, but asserts the court did so based on untimeliness of the argument, not based on the merits. Finally, Genesis notes Soura's predecessor, Keck, consented to venue in this court in a separate action brought by Genesis, which action also asserted claims under Section 1983.[2]

---

[2] Genesis refers to the earlier matter as *Genesis Health Care, Inc. v. Keck*, C.A. No. 3:14-cv-3449-MBS. Soura was, however, later substituted as the Defendant and the matter was reassigned to the undersigned. Thus, the correct denomination of the action, at the time it concluded, is *Genesis*

4

**Genesis Motion to Amend.** After briefing was complete on the motion to dismiss, Genesis filed a motion to amend the complaint to remove its express reliance on venue provisions in the Provider Agreements. It notes the pendency of the motion to dismiss, and refers to its responsive argument "that the contract between the parties does not govern its claims, but even if it did, this Court is the proper venue for this matter." ECF No. 24 at 2. Genesis also notes one of its "alternate legal theories for relief in this case is that its claims do not arise under the terms of the contract." *Id.* at 3; *see also id.* at 4 ("Genesis seeks to amend its Complaint to align with its alternate legal theory that its claims do not arise under the terms of the contract[,]" which "[t]he parties have already addressed . . . in their filings related to Defendant's Motion to Dismiss.").

**Soura Opposition.** Soura opposes Genesis's motion to dismiss on grounds the amendment would be futile. Soura argues the contract controls whether or not Genesis expressly relies on it in its complaint.

## DISCUSSION

*Pee Dee Healthcare.* In *Pee Dee Healthcare,* the Fourth Circuit made two critical findings. First, a healthcare provider may enforce 42 U.S.C. § 1396a(bb) through a Section 1983 action. Second, the provider may voluntarily waive the right to pursue that claim in federal court. *Pee Dee Healthcare*, 509 F.3d at 212-13 (noting "procedural rights under § 1983, like other federal constitutional and statutory rights, are subject to voluntary waiver").

In determining whether the waiver at issue in *Pee Dee Healthcare* was voluntary, the court noted "[h]ealthcare providers in South Carolina are not required to accept Medicaid patients[.]"

---

*Health Care, Inc. v. Soura*, C.A. No. 3:14-cv-3449-CMC. For ease of reference, the earlier matter is referred to herein as "*Genesis I*."

5

*Id.* at 213. Because of this, a provider's "decision . . . to enter into a contract for Medicaid reimbursement is voluntary." *Id.* This voluntariness renders a waiver contained in the contract enforceable. *Id.* ("Because Pee Dee voluntarily waived its right to bring an action alleging improper reimbursement in federal court, the public interest in opposing involuntary waiver of constitutional rights is no reason to hold this agreement invalid."). The court also noted the waiver at issue did "not completely deprive Pee Dee of a remedy" for its potential Section 1983 claim because it "agreed as part of its contract for Medicaid reimbursement that all such claims would be pursued only through state administrative and judicial avenues." *Id.* (holding contract did "not involve a waiver of a constitutional right, but only the ancillary right to select a federal forum to pursue a statutory right."). *Id.* As *Pee Dee Healthcare* further explained, "Medicaid disputes are commonly heard in state administrative tribunals and no federal policy bars state courts from hearing federal claims." *Id.* at 214.

**Contractual Provisions at Issue.** The two contractual provisions on which Soura relies in support of dismissal are, with minor typographical variations (*e.g.*, placement of commas and parentheses), identical to two of the three provisions at issue in *Pee Dee Healthcare.* Genesis suggests the absence of the third provision (referred to as Section (S) in *Pee Dee Healthcare*) warrants a different result here. ECF No. 19 at 4-5.

The court disagrees. As the Fourth Circuit noted in *Pee Dee Healthcare*, both "Sections (R) and (S) reflect an agreement to pursue administrative appeals in a state tribunal." *Pee Dee Healthcare*, 509 F.3d at 208, n.6. This conclusion is confirmed by the regulation and statute

referenced in the relevant provisions, DHHS Regulation 126-150 and S.C. Code § 1-23-380.[3]  As explained in *Pee Dee Healthcare*, "Regulation 126-150(B) provides that the tribunal to hear such appeals would be the state administrative hearing system" and the appeal allowed under Section 1-23-380 is to "the South Carolina Court of Appeals or the Administrative Law Court." *Pee Dee Healthcare*, 509 F.3d at 208, n.5.  Thus, reading the contractual provisions on which Soura relies together with the regulation and statute cited in those provisions forecloses any argument that Section (R) allows for jurisdiction in a federal court located in Richland County, South Carolina.

Genesis also argues the provisions are inapplicable because its claims rely on Section 1983, rather than on the contract itself.  In support of this argument, Genesis notes the Fourth Circuit's acknowledgement that Pee Dee Healthcare's "claim arises under the terms of the contract." *Pee Dee Healthcare*, 509 F.3d at 209, n.7.  However, the court also noted "Pee Dee's claim is *couched as seeking to remedy a failure to receive a statutorily conferred benefit* rather than seeking the enforcement of a contract." *Id.* (emphasis added).  While the Fourth Circuit acknowledged Pee Dee Healthcare's concession that the claim arose under the contract, it did not suggest such a concession was necessary to enforcement of the contractual limitations.  To the contrary, the court expressly applied the contractual limitations in upholding dismissal of a Section 1983 claim added after the matter was removed to federal court.  The court rejected an argument "enforcement of the forum-selection clause [in the context of a Section 1983 claim] would contravene a strong public

---

[3] Article IX in the Provider Agreement at issue here states the "sole and exclusive remedy" for disputes arising under the contract is to file a Notice of Appeal, which shall be pursued in accordance with DHHS's regulation R. 126-150 and review of which shall be pursuant to S.C. Code Ann. § 1-23-380.  This language is virtually identical to the corresponding provision quoted in *Pee Dee Health Care,* 509 F.3d at 208 (quoting Article VIII).  Article X, Section R, likewise provides review is pursuant to S.C. Code Ann. § 1-23-380.

7

policy of the federal courts to hear federal claims," explaining "Medicaid disputes are commonly heard in state administrative tribunals and no federal policy bars state courts from hearing federal claims." *Id.* at 214.

Here, as in *Pee Dee Healthcare*, Genesis's right to reimbursement would not exist had it not entered Provider Agreements with DHHS. Those Provider Agreements contain a provision that limits the "sole and exclusive remedy" for "any dispute . . . under the terms of the contract" to state administrative proceedings with review of those proceedings limited to the state-court system and a related venue provision. *Pee Dee Healthcare*, which is controlling circuit law, requires that this court enforce the limitations on forum and remedy found in Genesis's Provider Agreements and timely raised by Soura through his motion to dismiss.[4]

**In reaching this conclusion,** the court has not relied on the subparagraph Genesis seeks to remove from the Complaint through his motion to amend (which expressly relies on the venue provision in the Provider Agreements). It follows the result would be the same under either the original or Proposed Amended Complaint. Because the proposed amendment would not preclude dismissal, the court denies the motion to amend as futile.

## CONCLUSION

For reasons set forth above, Genesis's Motion to Amend (ECF No. 24) is denied as futile and Soura's Motion to Dismiss (ECF No. 9) is granted based on the first ground argued (for lack

---

[4] Genesis suggests Soura has somehow waived the right to enforce the remedial and venue limitations because his predecessor agreed venue was proper in an earlier, related action. Genesis has not, however, directed the court to any authority in support of the necessary premise that waiver of a forum selection clause in one action constitutes waiver in a future, related action.

of venue).  Dismissal is without prejudice to Genesis's right to pursue state administrative or other proceedings that may be allowed under the Provider Agreements.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 22, 2017

9